Borough of Aldan, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dolores Harold, Widow of David Harold, Respondents.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*William D. March, Scallan, March, Berman, Del Fra & Wochok,* for petitioner.

*Michael A. Paul, Richard, Brian, DiSanti & Hamilton,* for respondent, Dolores Harold, widow of David Harold.

OPINION BY JUDGE BLATT, November 20, 1980:

The Borough of Aldan (Borough) seeks review of a decision of the Workmen's Compensation Appeal

Board (Board) which affirmed a referee's grant of benefits and attorney's fees to Dolores Harold (claimant) for the death of her husband, David P. Harold (decedent).

On the evening of February 4, 1977, the decedent, who was then employed as Chief of Police for the Borough, was in the process of cleaning his service revolver in the basement of his home when his gun accidentally discharged causing his death. The referee concluded and the Board agreed that the death had occurred during the course and in the performance of the decedent's duties as a police officer and awarded death benefits to the claimant and the referee further found, again with the Board's affirmation, that it was unreasonable for the Borough to contest this claim and granted attorney's fees to the claimant's counsel pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *added by,* Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.[1]

The Borough contends that the Board erred in affirming the referee's determination in that (1) the decedent's wound was received while he was engaged in conduct in his home for which he received no compensation and, therefore, that his injury did not occur during the course of his employment as required by Section 301(c) of the Act, Act of June 2, 1915, P.L.

---

[1] Section 440 provides:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

736, *as amended,* 77 P.S. §411(1),[2] and (2) even if the decedent was injured in the course of his employment, attorney's fees should not have been granted because the Borough had a reasonable basis upon which to contest this claim.

In a workmen's compensation case, the issue as to whether or not an employee was in the course of his employment when fatally injured is a question of law subject to review by this Court based upon the findings of the factfinder, and the claimant must bear the burden of proving that the decedent was wounded while "actually engaged in the furtherance of the business or affairs of the employer." *Krawchuk v. Workmen's Compensation Appeal Board,* 40 Pa. Common-

---

[2] Section 301(c) provides:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employee or because of his employment; *but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment. (Emphasis added.)

wealth Ct. 591, 397 A.2d 1296 (1979); Section 301(c) of the Act, 77 P.S. §411(1). In determining whether an employee was injured in the course of his employment, this Court has held in *Krawchuk v. Workmen's Compensation Appeal Board, supra* at 598, 397 A.2d at 1300 (dissents by JJ. ROGERS and BLATT), that

> Where an employee is injured in his home, furtherance of the employer's business has been held to mean that the employee was doing something at home for the convenience of his employer, that he was performing a specific duty by reason of a clearcut request by his employer or that the employer directed the employee to work at home.

Based upon the facts as found by the referee and the Board,[3] we believe that the claimant has met her burden of showing that the decedent, when injured, was performing his duties as an employee of the Borough. The decedent kept his service revolver in proper operating condition in order to ensure the safe and efficient enforcement of the Borough laws. He was obligated to do so by way of his employment under the collective bargaining agreement with the Borough and the Borough at least impliedly encouraged its police officers to clean their weapons in their own homes by providing no other adequate facilities for this dangerous and necessary task. We would hold, therefore, that

---

[3] Substantial and uncontradicted testimony was presented to support the findings of the referee and the Board: (1) that the decedent was accidentally killed while cleaning his service revolver; (2) that the gun was owned by the Borough; (3) that the usual duties of the decedent as defined by the labor agreement between the Borough and the policemen included the cleaning of his pistol; (4) that it was impracticable for the Borough police officers to clean their weapons inside the one-room police hall and that their usual practice was to perform this weekly task in their homes; and (5) that the decedent did much of his paperwork while at home and stored a great deal of police department equipment there.

the decedent was fatally injured in the course of his employment as the Borough's police chief.

As to the Borough's argument that attorney's fees should not be granted in that the decedent was performing a task in his own home for which he was not to be compensated and that, therefore, a reasonable question existed as to whether or not the decedent was acting within the course of his employment, we believe that, as a matter of law, the Borough had no reasonable basis upon which it could contest this claim. *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975). There can be little dispute that a police officer has a duty to maintain his service revolver in a safe condition *as part of his employment* and not as a personal convenience even though he receives no additional compensation for his efforts. The fact that this decedent performed that task at home does not change the nature of the duty he was fulfilling, especially in light of the Borough's failure to provide facilities at the police hall where officers could safely clean their weapons. We will, therefore, affirm the Board's grant of attorney's fees to the claimant's counsel.

ORDER

AND Now, this 20th day of November, 1980, we hereby affirm the decision of the Workmen's Compensation Appeal Board in the above-captioned matter and we order and direct the Borough of Aldan, Aldan, Pennsylvania, and/or Harleysville Insurance Company, insurance carrier, to pay to the claimant, Dolores Harold, death compensation at the rate of $174.74 per week, beginning February 4, 1977, and continuing thereafter during the continuance of her widowhood with interest at 10% per annum for all deferred amounts of compensation payable hereunder and also to pay to the claimant the sum of $1,500.00 for the

burial expenses of the decedent, David P. Harold, and also to pay as costs to the claimant an attorney's fee approximating the equivalent of 22.5% of the initial amount of the recovery to the claimant in the specific amount of $2,500.00, the same to be paid directly to Howard Richard, Esquire, as attorney for the claimant.