Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, James Davis and Commonwealth of Pennsylvania, Respondents.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Thomas W. Henderson,* with him *Patrick F. Mc-Ardle,* and *McArdle, Henderson, Caroselli, Spagnolli & Beachler,* for respondent, Davis.

*Sandra S. Christianson,* Assistant Attorney General, for respondent, Commonwealth.

OPINION BY JUDGE DiSALLE, December 4, 1978:

This case comes before us by way of a petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision assessing workmen's compensation liability pursuant to The Pennsylvania Workmen's Compensation Act (Act)[1] exclusively against the Jones & Laughlin Steel Corporation (Employer) for the benefit of James Davis (Claimant). The referee found as a fact that Claimant became totally disabled due to silicosis and anthraco-silicosis on January 2, 1975, as a result of his exposure to silica dust *and* coal dust hazards during his term of employment with the Employer. In a subsequent finding of fact and, more importantly, in the ultimate award of compensation, the referee assessed the *full* amount on the Employer pursuant to Section 108(k) of the Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. 27.1(k).[2]

The only issue presented by this case is whether Employer should be solely responsible for paying the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 1 et seq.

[2] Section 108(k) provides: "Silicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide."

compensation award.[3] Employer contends that since the referee found that Claimant's total disability was caused by both silicosis and anthraco-silicosis, deriving from exposure to silica dust and coal dust,[4] and

---

[3] We note that for purposes of this review Employer has withdrawn its contention that an occupational hazard did not, in fact, exist.

[4] The referee considered this question twice. In his decision of October 23, 1975, he found that Claimant had only been exposed to a silica dust hazard while in the employ of Employer, as is apparent from the following finding of fact: "He [Claimant] became totally disabled due to silicosis and anthraco-silicosis on January 2, 1975, as a result of his exposure to the silica dust hazard during his employment, to and including February 8, 1974."

The Board vacated this decision of the referee and remanded the case, in part, for a clarification of what hazards Claimant was exposed to.

In his reconsideration of the matter, which is the subject of this review, the referee made the following key findings of fact:

FOURTH: That during the period of his employment with Defendant-employer, Claimant was regularly and frequently exposed to the hazards of the dusts of iron ore, coke and silica, the last exposure being February 8, 1974. Claimant was also exposed to the hazard of coal dust while he was employed as an underground miner.

FIFTH: That Claimant presented the testimony of Mr. Cope who described airborne silica and coal dust at Jones & Laughlin Steel Corporation in and around the area in which the Claimant worked. This testimony established a definite *silica and coal dust hazard* to the Claimant.

. . . .

SEVENTH: That Claimant became totally disabled due to silicosis and anthracosilicosis on January 2, 1975 as a result of his exposure to the silica dust hazard *and coal dust hazard* during his employment to and including February 8, 1974. (Emphasis added.)

The chief distinction between the later findings of fact and the initial finding of fact is, of course, the specific inclusion of a coal dust hazard. We note also that it is not clear in the latter decision whether the silicosis finding was made on the basis of Claimant's exposure to silica dust or coal dust or both.

these occupational diseases as they relate to the coal dust hazard are set forth in Section 108(q) of the Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. 27.1(q),[5] the joint liability provisions of Section 305.1 of the Act, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1,[6] should have been applied. And, since the operative date of the disability in this case is admitted as being January 2, 1975, Section 305.1 would impose equal liability on Employer and the Commonwealth for the compensation awarded Claimant.

Initially, we note that Section 427 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation cases is that defined in Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710-.44, which limits us to a determination of whether or not an error of law was committed, constitutional rights were violated or findings of fact necessary for the adjudication are unsupported by substantial evidence. Since the referee's findings of fact are undisputed and, indeed, are not the subject of this petition for review, they are binding on the Board and this Court. Our sole task is to determine whether the referee erred as a matter of law in applying Section

[5] Section 108(q) provides: "Coal worker's pneumoconiosis, anthraco-silicosis and silicosis (also known as miner's asthma or black lung) in any occupation involving direct contact with, handling of or exposure to the dust of anthracite or bituminous coal."

[6] Section 305.1 provides in pertinent part: "Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: . . . if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum. . . ."

108(k) rather than Section 108(q), and further, whether the Board compounded this error by affirming the referee's decision.

The referee did find as a fact that Claimant's disability was due to silicosis and anthraco-silicosis arising from exposure to silica dust and coal dust hazards. For reasons unapparent from the record, the referee nevertheless awarded compensation on the basis of silicosis arising from exposure to silica dust alone. In considering whether the referee thereby erred, the Board sought to reconcile this seeming inconsistency. The Board interpreted the referee's decision to mean that although the referee believed that silica dust *and* coal dust hazards existed, the coal dust hazard was so negligible as to warrant the award of compensation on the basis of the silica dust hazard alone.

The obvious problem with this interpretation is that it does not accurately reflect the clear and unambiguous wording of the referee's seventh finding of fact. As stated, this finding, viewed in the context of the entire award, does not admit of the Board's interpretation. It may be true that other evidence exists in the record to support the Board's interpretation. However, it is clear that where, as here, the referee's findings of fact are unchallenged, the legal conclusions derived therefrom, though properly within the purview of the Board's review, must accurately reflect those findings. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A.2d 189 (1973).

By specifically finding, upon reconsideration of the matter, that a coal dust hazard existed and that this gave rise to anthraco-silicosis, the referee was obliged to give some consideration to Section 108(q) and the joint liability provisions of Section 305.1 applicable thereto. By applying Section 108(k) exclusively, the

referee erred as a matter of law. In striving to clarify this inconsistency, the Board went beyond the bounds of the undisputed findings of fact and thereby compounded the referee's error. The Board erred in so doing.

### Order

And Now, this 4th day of December, 1978, we affirm that part of the Workmen's Compensation Appeal Board's order dated June 27, 1977, which upheld the referee's award of workmen's compensation benefits to James Davis, and judgment is entered on the award. That part of the Board's order which upheld the referee's assessment of liability for compensation solely against Jones & Laughlin Steel Corporation is reversed; and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation shall be liable for payment of 50% of the compensation awarded and Jones & Laughlin Steel Corporation shall be liable for the remaining 50%.