Rita Aglira, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lit Brothers Company, Respondents.

Argued September 28, 1978, before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Arthur J. Matusow*, for petitioner.

*Joseph J. Murphy*, with him, of counsel, *Murphy, Murphy & Murphy*, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 6, 1979:

Rita Aglira (Appellant), a checker at Lit Brothers Department Store (Employer), was injured on December 2, 1974, in a fist fight with a fellow employee after working hours. The altercation took place on the sidewalk of a public street adjacent to Employer's premises. Appellant filed a claim petition requesting an award of compensation and medical expenses pursuant to Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act)[1] for injuries arising out of the altercation. The Workmen's Compensation Appeal Board (Board) affirmed a referee's dismissal of Appellant's petition and this appeal followed.

Our scope of review in workmen's compensation cases is limited to a determination of whether or not an error of law was committed, constitutional rights were violated, or findings of fact necessary for the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

adjudication are unsupported by substantial evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 466, 394 A.2d 1068 (1978). After a careful review of the record, we hold that the Board committed no error and that the referee's decision is fully supported by the evidence.

In order for an injury to be compensable under Section 301(c) of the Act, it must arise "in the course of employment." This section provides for two distinct categories of compensable injuries arising in the course of employment: those sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained *on or off* the employer's premises; and those sustained by the employee *on* his employer's premises, *provided* that the injuries are caused by the condition of the premises or by the operation of the employer's business or affairs thereon, *provided* that the employee's presence is required thereon by the nature of his employment.

There can be no recovery in this case on the theory that Appellant was "actually engaged in the furtherance of the business or affairs of the employer," since, at the time of her injury, Appellant had clocked out at the finish of her working day and was on her way home. *Anzese v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 256, 385 A.2d 625 (1978).

While, at times, the Courts of this Commonwealth, have considered a public sidewalk adjacent to an employer's business premises[2] to be "on" the employer's

2 *See Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975); *Ludwig v. Radio Corp. of America,* 337 F. Supp. 664 (E.D. Pa. 1972), *aff'd* 474 F.2d 1339 (1973); *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964).

premises and at other times, due to the factual matrix, to be "off" the employer's premises, it is unnecessary for us to distinguish in this instance. Regardless of Appellant's situs when injured, her injuries fail to meet the second statutorily created category of compensable injuries since these injuries were not caused by a condition of the premises nor as a result of the operation of Employer's business.

Therefore, we hold that the Board correctly concluded that Appellant's injuries did not occur in the course of employment and thus were not compensable.[3]

Accordingly, we

### ORDER

AND Now, this 6th day of February, 1979, the order of the Workmen's Compensation Appeal Board, dated August 19, 1977, denying benefits to Rita Aglira is affirmed.

---

[3] In so holding, it is unnecessary for us to decide whether or not Claimant's injuries were "caused by an act of a third person intended to injure the employee because of reasons personal to him" so as to be noncompensable under Section 301(c) of the Act.