Lola M. Harris, Mother of Joseph Walton, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Servomation Corp. and Travelers Insurance Company, Insurance Carrier, Respondents.

Servomation Corp., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lola M. Harris, Mother of Joseph Walton, Deceased, Respondents.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Francis L. Zarrilli,* for Lola M. Harris.

*Roger E. Legg, Gawthrop & Greenwood,* for Servomation Corp. and Travelers Insurance Company.

OPINION BY JUDGE CRAIG, May 21, 1980:

These consolidated cases are here on appeal from an order of the Workmen's Compensation Appeal Board vacating the referee's decision that claimant Lola Harris, decedent's foster-mother, was entitled to benefits.

Decedent, an employee of Servomation Corp. (employer), a licensee providing food service at Camp Laughing Waters, owned by the Girl Scouts, died in a canoeing accident at the camp which occurred while decedent and his co-workers were on a break period within a split workshift. The referee found that the camp administrator permitted Servomation employees to use the camp facilities during their breaks. Employer was aware that the employees used camp facilities on their break periods.

> The referee concluded in the twelfth finding that: Because of the short break between the end of the breakfast period and the beginning of the lunch period, and the fact that the defendant and the camp officials had offered the facilities of the camp for the defendant's employees, the defendant's employees on the premises of the camp during this recreation break period was in furtherance of the defendant's business.

Further, concluding that the decedent was a minor at the time of his death, and that claimant stood in loco parentis to the decedent who was contributing to her support, the referee awarded claimant benefits.

On appeal by employer, the board vacated the referee's award of compensation to claimant on the ground that, because claimant did not have custody or control of decedent and because she did not contribute to decedent's support, claimant did not stand in loco parentis to decedent; nor as a foster-mother was she a natural "mother" entitled to benefits under Section 307(5) of the Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §561.[1]

On appeal claimant challenges the board's determination that as decedent's foster-mother she was not decedent's "mother" within Section 307(5) of the Act. Further, employer, although successful below, asserts on appeal here that the board erred in failing to reverse several of the referee's conclusions of law.

For purposes of this appeal however, only the referee's conclusion that decedent died in the course of his employer's employment is critical.

Section 301(c) of the Act, 77 P.S. §411(1), defines injury and provides that:

> The term 'injury arising in the course of his employment,' ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon....

---

[1]Act of June 2, 1915, P.L. 736, *as amended*. That section provides that:

> If there be neither widow, widower, nor children entitled to compensation, then to the father and mother, if dependent to any extent upon the employe at the time of injury... Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed....

For purposes of the Act, the employer's "premises" include property owned, leased or controlled by the employer which is so connected with the business in which the employee is engaged as to form a component or integral part of that business. *Fetzer v. Michrina*, 8 Pa. Commonwealth Ct. 273, 278, 301 A.2d 924, 927 (1973); *Wolsko v. American Bridge Co.*, 158 Pa. Superior Ct. 339, 343, 44 A.2d 873, 875 (1945). Because decedent's death clearly did not occur within the small part of the Girl Scout camp where the employer functioned as a mere licensee, the death was not upon premises of the employer.

The key issue therefore is whether claimant's injury was sustained while he was "actually engaged in furtherance of the business or affairs of the employer."

Whether an employee is in the course of his employment at the time of injury is one of law based upon the findings of fact; errors of law are subject to this court's review.

The general rule is that off-premises injuries which do not arise while the employee is actually engaged in the furtherance of the employer's business activities are not compensable. Injuries that arise during off-premises activities which are specifically directed by the employer, or through activities contemplated as part of the services which are performed on the premises may be compensable. *Muir v. Wilson Coal Co.* 194 Pa. Superior Ct. 487, 168 A.2d 588 (1961).

This court, in *Feaster v. S. K. Kelso & Sons*, 22 Pa. Commonwealth Ct. 20, 347 A.2d 521 (1975), held that where the employee drowned at a company-sponsored picnic, an event used to promote the employer's interest in maintaining good relations among employees, the injury was compensable because decedent was engaged in the furtherance of his employer's business affairs. Likewise, in *Tredyffrin-Easttown School District v. Breyer*, 48 Pa. Com-

monwealth Ct. 81, 408 A.2d 1194 (1979), we affirmed a board's determination that claimant, a volunteer assistant coach for the school's track team, who was injured at the team's annual school-sponsored picnic, had sustained the injury in the course of his employment.

In contrast, the findings in this case, that Servomation knew and did not protest its employees usage of the camp's facilities and that the short duration of the break period required decedent to remain on camp property, do not support the referee's conclusion that the employees, while engaged in camp recreational activities between work periods, were in fact furthering employer's business.

The factual circumstances of this case are analogous to those where we have held that an on-the-premises employee, injured on a lunch break off the employer's premises, is not injured in the course of furthering the employer's affairs and is therefore ineligible for benefits. *Cozza v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 605, 383 A.2d 1324 (1978); *Hreha v. Harry Sugerman, Inc.*, 24 Pa. Commonwealth Ct. 216, 354 A.2d 582 (1976).[2]

We hold that the referee erred in concluding that decedent died in the course of his employment. Therefore, for the reasons we state, in both appeals, we affirm the order of the board.

---

[2]The food service manager for Servomation, testified that during the employees' breaks, the employees signed in and out. "They did whatever they pleased during those times as long as they were back to work at their scheduled time." Decedent's co-worker testified that some breaks were spent in the neighboring towns; however, when the breakfast period ended late, as it did on the day of decedent's accident there wasn't enough time to go into town before the lunch period began, so the employees would "take a little spin up the creek and come back."

ᐧ ORDER

AND NOW, this 21st day of May, 1980, the order of the Workmen's Compensation Appeal Board, A-73972, dated August 23, 1979, is affirmed.