Theresa Weaver, Petitioner *v.* Workmen's Compensation Appeal Board (Ribstone Silos of Pennsylvania), Respondents.

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*David B. Keeffe,* with him, *Emy L. Franz, DeSisti and Keeffe, P.C.,* for petitioner.

*J. W. Schmitthenner, Epstein, Schmitthenner and Downs,* for respondent, Ribstone Silos of Pennsylvania.

Opinion by Judge Rogers, June 24, 1985:

Theresa Weaver (claimant), widow of David W. Weaver (decedent), has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) overturning a referee's award of compensation to her and her children.

The decedent, who drowned on August 8, 1980, was employed as a laborer by an enterprise which built silos. The referee found on substantial evidence that on August 8, 1980, a hot day, the decedent and other workers left the place where they were building a silo and, in the employer's truck, went first to lunch and, after returning to the workplace for a short time, then drove to the banks of the Susquehanna River, where they walked into the stream on a ledge to a place halfway across the river where some of them swam. The decedent did not know how to swim but he walked into the river with the others. He either stepped or dived off the ledge into deep water. He called for help but could not be saved.

On February 16, 1981, the claimant filed a fatal claim petition. After hearings, the referee issued a decision in which he made the following pertinent findings of fact:

9. John Gelwicks, the proprietor of Ribstone Silos, testified that while the decedent was employed with his company, he worked both inside the plant on a regular hourly pay basis and that he also worked on outside crews erecting silos. When working on the outside construction crews, he was not paid, nor were any of the men paid on an hourly basis. Instead, they were paid upon the rate of completion of the silo. There was a certain allotted amount of time in which to erect the silo, and the men were not required to work a certain number of hours each day as long as the silo

was completed in the allotted time. It was not uncommon, stated Mr. Gelwicks, for the men to take breaks or to leave the job site for lunch and he was aware that on occasion, his employees would go swimming, but he was not in favor of it and openly expressed his dissatisfaction.

13. The referee finds based upon all the circumstances that the decedent, David W. Weaver, was in the scope of his employment at the time of his death and acting in the furtherance of his employer's interest. The decedent's work schedule was such that he did not have to punch a time clock while he was on the job and there was no strict regulation on how much time the men worked as long as the silo was constructed in the allotted period. It was not unusual for the work crews to take breaks from their employment at which time they either rested or if there was a place to swim, they took advantage of it.

14. The referee finds that on August 8, 1980, the claimant [sic] and his co-workers had gone to lunch and that shortly after lunch, because of the heat, they decided to go swimming; however, it was their intention to return to the job after swimming and do additional work. Bearing that in mind, the Referee finds that the claimant [sic] did not deviate from his employment in any way that would be detrimental to the employer and that such activity did not harm the employer in any way nor decrease the production output that was required of the employees.

The referee concluded that "[b]ecause the decedent was engaged in his employment and acting in furtherance of his employment at the time of his death,

the claimant's Fatal Claim Petition should be granted.''

On appeal to the board by the employer, the board agreed with the employer that the second sentence of the referee's fourteenth finding of fact was not a finding of fact but a conclusion of law. The board reversed the referee's decision and order and dismissed the claimant's fatal claim petition on the ground that the decedent's death did not arise in the course of his employment and was not related to his employment, and that it did not occur while the decedent was actually engaged in the furtherance of the business or affairs of the employer, as required for compensability by Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

The claimant principally and ineffectively argues that the referee's asserted "finding" of fact that the decedent was in the course of his employment at the time of his death could not be set aside by the board. But, this statement is not a finding of fact and may not be made a finding of fact by placing it under the heading of findings of fact. It is a conclusion of law subject to the board's and our review.

Section 301(c) of the Act, *as amended*, 77 P.S. §411(1), pertinently provides that:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects. . . . The term "injury arising in the course of his employment," as used in this article . . . shall include all . . . injuries sus-

tained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

In *Workmen's Compensation Appeal Board v. U.S. Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 333, 376 A.2d 271, 273 (1977), we interpreted Section 301 (c) as follows:

Injuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

The issue of this case is that of whether the decedent's injury was sustained while he was "actually engaged in the furtherance of the employer's business

or affairs.''[1]  If the act in which the employee was engaged when injured off the premises was not connected with the employer's business, it must appear that the employer ordered or directed the act; and merely permitting the employee to do the act without directing or ordering its performance will not support an award. *Taylor v. Ewing*, 166 Pa. Superior Ct. 21, 70 A.2d 456 (1950).

The findings that the owner of the company which employed the decedent testified that he was aware that his employees would occasionally go swimming but that he was not in favor of it and had openly expressed his dissatisfaction, do not support the referee's conclusion that the decedent's swimming break was in the course of his employment.

We believe that the factual circumstances of this case are similar to those of *Harris v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980), which the board stated was dispositive of the issues raised in the instant appeal.  In *Harris*, the decedent, an employee of a licensee providing food service at a Girl Scout camp, died in a canoeing accident at the camp when the decedent and his co-workers were on a break.  We affirmed the board's decision that the employee was not engaged in the furtherance of the employer's business affairs.  Judge Craig, for the court, observed in *Harris* that the findings that the decedent's employer knew but did not protest its employees' using the camp's facilities and that the short break required the decedent to remain on the camp property did not support the referee's conclusion that the employees, while

---

[1] The word "actually" means "as an actual or existing fact"; and the phrase "actually engaged in" cannot be interpreted to mean "constructively engaged," but must be read as it is written—"actually" engaged. *Maguire v. James Lees & Sons Co.*, 273 Pa. 85, 88, 116 A. 679, 680 (1922).

engaged in camp recreational activities between work periods, were furthering the employer's business.

We agree with the board that the referee erred in concluding that the decedent died in the course of his employment.

Order affirmed.

## ORDER

AND Now, this 24th day of June, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.