City of Pittsburgh, Petitioner *v.* Workmen's Compensation Appeal Board (Schiller), Respondents.

Argued October 7, 1985, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Irvin S. Bails, Baskin and Steingut, P.C.,* for petitioner.

*John C. Mohan, Mohan & Perich, P.C.,* for respondent, Charles E. Schiller.

OPINION BY JUDGE PALLADINO, January 10, 1986:

This is an appeal by the City of Pittsburgh (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting temporary total disability benefits to Charles Schiller (Claimant). We reverse.

Claimant was injured while employed as a rodent control worker by Employer. Claimant's job required that he travel around the City of Pittsburgh in a van with his supervisor and a crew of four or five co-workers. On May 14, 1981, Claimant was working his usual 9:00 a.m. to 5:00 p.m. shift. At approximately 4:00 p.m., his supervisor directed that the crew take a break at a local park. During this break, Claimant, with his supervisor's knowledge but without her explicit consent, rode on a child's merry-go-round. As he was getting off he fell and injured his knees. Claimant's injury prevented him from working.

Claimant timely filed a claim for workmen's compensation. After a hearing, the referee concluded that Claimant was injured in the course of his employment and granted benefits. The Board affirmed. Employer now appeals to this Court, asserting that, as a matter of law, Claimant's injury did not occur within the course of his employment. We agree.

We first note that the question of whether an employee is in the course of his employment at the time of the injury is a question of law subject to review by this Court. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 438, 425 A.2d 473 (1981). In support of their posi-

tion that Claimant's injury occurred within the course of his employment, Claimant and the Board rely on the case of *Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). In *Plum* we held that an employee's momentary or temporary departures from the work routine in order to administer to personal comforts does not break the continuity of the course of employment. *Plum*, however, is distinguishable from the case at bar in that the employee in *Plum* was taking a break from the work routine in order to relieve himself and eat lunch. These are necessary physical functions and are anticipated by an employer. Claimant, however, was riding a merry-go-round. This is an activity which is neither necessary nor expected by an employer.

We conclude that this case is controlled by *Weaver v. Workmen's Compensation Appeal Board (Ribstone Silos of Pennsylvania)*, 90 Pa. Commonwealth Ct. 262, 494 A.2d 882 (1985). In *Weaver*, an employee was drowned while walking in the Susquehanna River during a break. The referee in *Weaver* found that the decedent's supervisor was aware that the employees would go swimming during breaks but that he was not in favor of this practice. We stated in *Weaver:*

> If the act in which the employee was engaged when injured off the [employer's] premises was not connected with the employer's business, it must appear that the employer ordered or directed the act; and merely permitting the employee to do the act without directing or ordering its performance will not support an award.

*Id.* at 267, 494 A.2d at 884 (citation omitted). *See also Harris v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980).

In order for an injury which occurs off an employer's premises to be considered in the course of an employee's employment, it must be sustained "while the employee is actually engaged in the furtherance of the business or affairs of the employer. . . ." Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411; *Weaver; Harris.*

In the case at bar, Claimant's conduct in riding the merry-go-round was not in furtherance of the business or affairs of Employer. The fact that Claimant's supervisor was aware of Claimant's conduct is not relevant. What is relevant is that the supervisor did not order or direct the conduct. *Weaver; Harris.*

Because we conclude that Claimant was not injured in the course of his employment, we reverse the Board's order.

### ORDER

AND Now, January 10, 1986, the order of the Pennsylvania Workmen's Compensation Appeal Board, No. A-87342, dated August 2, 1984, is reversed.