529 A.2d 1196

City of Pittsburgh, Petitioner *v.* Workmen's Compensation Appeal Board (Marunich), Respondents.

478

Argued March 26, 1987, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Irvin S. Bails,* with him, *Thomas O. Schmitt, Baskin, Flaherty, Elliott & Mannino,* for petitioner.

*Bryan Campbell,* for respondent.

OPINION BY JUDGE BARRY, August 14, 1987:

The City of Pittsburgh (the City) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee awarding benefits to the claimant, Arthur Marunich, a City police officer.

On December 24, 1981, claimant and his wife entered the Eat'n Park Restaurant which is located just

over the City line in the Borough of Dormont. Claimant had recently come off duty; except for a denim jacket he was wearing, claimant was in uniform. Upon entering the restaurant, claimant noticed that another City police officer, Richard Puleo, was sitting in another booth with his wife. A disturbance broke out among some individuals in a booth next to Puleo's and, in the ensuing scuffle, an individual was pushed into Mrs. Puleo. At this point, Puleo attempted to break up the fight and was punched in the face by one of the combatants. Claimant then entered the fray in an attempt to assist Mr. Puleo. Claimant was holding one individual when the Dormont police arrived. In the mass confusion, claimant was struck in the eye with a blackjack by a Dormont police officer. He sustained a severe laceration which required stitches and left a permanent scar.

The claimant filed a claim petition, seeking benefits for permanent disfigurement of the face under Section 306(c) of The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22) (Supp. 1987). Following a hearing, the referee awarded benefits for a period of thirty-five weeks. The City appealed to the Board which affirmed and this appeal followed.

Our scope of review is limited to determining whether an error of law has been committed, whether constitutional rights have been violated or whether a necessary finding of fact is supported by substantial evidence in the record. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). On appeal, the City raises but one issue, that the claimant was not within the scope of his employment when he sustained the injury. The question of whether an employee is within the scope of employment is a legal question, subject to our review. *City of Pittsburgh v. Workmen's Compensation Appeal Board (Schiller),* 94 Pa. Commonwealth Ct. 156, 502 A.2d 800

(1986). The City believes the claimant was not within the scope of his employment because he was outside the jurisdictional limits of the City at the time of the incident.

In awarding benefits, in spite of the location of the incident, the referee relied upon City of Pittsburgh Police Procedural Order No. 105-9.19 which states, "All members, although relieved from actual performance of duty, are still held to be on duty at all times and must be prepared to act immediately on notice their services are required or; in all cases needing immediate action coming to their attention." The city argues that this provision is inapplicable because of cases holding that extraterritorial arrests, unless specifically authorized by the Legislature,[1] are illegal and any evidence seized as a result thereof must be excluded. *Commonwealth v. Fiume*, 292 Pa. Superior Ct. 54, 436 A.2d 1001 (1981), and cases cited therein. Suffice it to say that we are not talking about the legality of any arrests or the seizure of any evidence. The provision in question requires an officer to "act immediately on notice that their services are required. . . ." In light of this provision, we would loath to hold that claimant should sit by idly while a fellow officer must fend for himself against a crowd of ruffians because he would go uncompensated if seriously injured because of his entry into a fracas.

Referring to a recent popular movie, "Beverly Hills Cop", the City postulates that allowing benefits in this case would require the payment of compensation if a

---

[1] At the time of this incident, arrests outside of an officer's jurisdiction were covered by 42 Pa. C. S. §8901. That section replaced the Act of August 6, 1963, P.L. 511, *as amended, formerly* 19 P.S. 11. Those two sections were substantially the same. Section 8901 has now been replaced by 42 Pa. C. S. §8953, which expands the situations where an officer can legally arrest outside his or her jurisdiction.

City officer was injured while in a fight while on vacation in California. However, we are deciding *this case on its own facts*. When an off-duty police officer comes to the aid of a fellow off-duty officer at a location just over the City limits, we believe the above cited provision requires such option, and we need express no opinion on this argument of the City.

The City relies on our cases dealing with employees and the scope of their employment when off the premises in a workmen's compensation context. It specifically cites *Weaver v. Workmen's Compensation Appeal Board (Ribstone Silos of Pennsylvania)*, 90 Pa. Commonwealth Ct. 262, 494 A.2d 882 (1985), where we upheld the Board's denial of benefits to the widow of an employee who drowned while swimming during a lunch break on a hot summer day. There the employer was aware that employees would engage in such activity during lunch breaks, but as we stated, "[M]erely permitting the employee to do an act without directing or ordering its performance will not support an award." *Id*. at 267, 494 A.2d at 884. The provision in question here does more than permit the claimant's action here; that provision requires such action. Even when an injury is sustained off of the employer's premises, that injury will be compensable if in the furtherance of the employer's business, *Aglira v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 292, 397 A.2d 448 (1979), and the provision in question requiring the claimant's action requires our holding that the claimant was furthering the interest of the City.

## ORDER

NOW, August 14, 1987, the order of the Workmen's Compensation Appeal Board, dated May 2, 1986, at No. A-88519, is affirmed.

Judge PALLADINO dissents.