541 A.2d 436

Wilmer L. Maurer, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (American Trans Freight, Inc.), Respondents.

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Ronald R. Pellish, Pellish & Pellish,* for petitioner.

*Daniel J. Gallagher,* with him, *Stephen T. Potako, Post & Schell, P.C.,* for respondent, American Trans Freight, Inc.

OPINION BY SENIOR JUDGE NARICK, May 18, 1988:

This is an appeal by Wilmer L. Maurer, Sr. (Claimant) from a decision of the Workmen's Compensation

Appeal Board (Board) which reversed a referee's award of benefits. We affirm.

Claimant was the owner and operator of a tractor-trailer. On Friday, September 14, 1984, Claimant entered into a trip lease agreement with American Trans Freight, Inc. (American) to deliver a load of steel from Rochester, New York to Montgomeryville, Pa. The load was to be delivered either on Friday, September 14, 1984 or Monday, September 17, 1984. While enroute to Montgomeryville, Claimant became concerned that there might be a mechanical problem with his truck. For this reason, he telephoned American's dispatcher who advised him that it was too late to make the delivery and to complete the delivery on Monday, September 17, 1984. On the following day, Saturday, while performing repairs on his truck which was parked in his driveway, Claimant received severe injuries to his left eye. These injuries have left Claimant totally blind in his left eye and he is unable to drive a truck as a result of these injuries.

At the hearing before the referee, Claimant testified that during 1984 he would enter into trip lease agreements with Falcon Transportation and American. As to American, each load Claimant agreed to transport involved a separate trip lease agreement and entailed no further obligation from either Claimant or American once the trip was completed. Claimant received a commission of 75% of the gross income for each trip. According to Claimant, he was responsible for all maintenance and repairs on his truck, licensing fees, compliance with Interstate Commerce Commission regulations, and insurance on his vehicle. Claimant testified that he was responsible for payment of all social security and federal income taxes. However, Employer did contract to obtain workmen's compensation insurance coverage for Claimant. Claimant further testified that he could select his own routes for making deliveries.

It was American's position before the referee that Claimant was not entitled to benefits because at the time of his injury he was outside the scope of his employment. The referee rejected this argument and awarded benefits. The Board reversed the referee, concluding that at the time of his injury, Claimant was an independent contractor; therefore, Claimant was ineligible for benefits. This appeal followed.[1]

The questions which this Court must resolve on appeal are whether an employer-employee relationship existed between Claimant and American; and if so, whether Claimant was injured during the course and scope of his employment. The question of whether an employer-employee relationship exists is one of law based upon findings of fact. *Northern Central Bank and Trust Co. v. Workmen's Compensation Appeal Board (Kontz)*, 88 Pa. Commonwealth Ct. 277, 489 A.2d 274 (1985). In the cornerstone case of *J. Miller Co. and Selective Insurance Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 232, 277 A.2d 867, 869 (1971), this Court set forth certain indicia to assist in the determination of whether an employer-employee relationship exists:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job;

---

[1] Our scope of review herein is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Felmont Oil Corp. and the Insurance Company of North America v. Workmen's Compensation Appeal Board (Furman)*, 106 Pa. Commonwealth Ct. 10, 525 A.2d 455 (1987).

whether work is a part of regular business of the employer, and also the right of the employer to terminate the employment at any time.

Whether some or all of these indicia exist in any given situation is not controlling, rather each case must turn on its own factual matrix. *Id.* at 232, 277 A.2d at 869. The employer must have control over the means of the accomplishment of the work and not merely control over the result. *Id.*

Although we agree with the Board and American that *Miller* is factually similar to the instant matter,[2] we believe one important fact prevents American from denying the existence of an employer-employee relationship—American provided workmen's compensation coverage for Claimant. Therefore, the question remains whether Claimant was injured in the course of his employment.

A claimant, in order to establish eligibility for compensation, has the burden of proving that the injury occurred in the course of employment and that it was related to that employment. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). Whether an employee is in the course of his employment at the time of injury is one of law based upon findings of fact. *Harris v. Workmen's Compensation Appeal Board*

---

[2] In *Miller,* the claimant while repairing his tractor which was parked in the driveway of his home sustained a serious eye injury. Pursuant to the terms of claimant's agreement with the Miller Company, claimant was required to transport property in his privately-owned tractor-trailer, and he received no specific instructions as to the routes to be traveled. The claimant in *Miller* was paid 74.5% of the gross weekly income, with the Miller Company receiving 25.5%. Also, the claimant in *Miller* was responsible for all maintenance and repairs as well as workmen's compensation, unemployment insurance, social security or other similar taxes, insurance or benefits. The *Miller* court concluded that the claimant was an independent contractor.

*(Servomation Corp. and Travelers Insurance Co.)*, 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980).

In order for an injury which occurs off of an employer's premises to be considered in the course of employment, it must be sustained while the employee is actually engaged in the furtherance of employer's business. *City of Pittsburgh v. Workmen's Compensation Appeal Board (Schiller)*, 94 Pa. Commonwealth Ct. 156, 502 A.2d 800 (1986). We are mindful that Claimant's job responsibilities were that of a traveling employee which required him to be off of employer's premises. However, this does not mean that a traveling employee is within the course of his employment twenty-four hours a day, and this Court has held that such an employee must be furthering the business of his employer in a manner consistent with his contract of employment or reasonably related thereto at the time of his injury in order to be considered in the course of his employment. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Goerlich)*, 56 Pa. Commonwealth Ct. 438, 425 A.2d 473 (1981).

In the case at bar, Claimant's injury occurred at home in his driveway while performing repairs on his truck. Claimant admitted in his testimony and the terms of the trip lease also provided that maintenance and repairs of the tractor-trailer were the sole responsibility of Claimant. Accordingly, Claimant's injury did not occur within the course and scope of his employment; and therefore, benefits must be denied.

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.[3]

---

[3] When the Board assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision, we will affirm. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley)*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

230

## ORDER

AND NOW, this 18th day of May, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.