544 A.2d 1078

City of Harrisburg, Petitioner *v.* Workmen's Compensation Appeal Board (Gebhart), Respondents.

Submitted on briefs January 27, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*James F. Carl, Metzger, Wickersham, Knauss & Erb,* for petitioner.

*Gary M. Lightman,* for respondent.

OPINION BY JUDGE SMITH, July 19, 1988:

This is an appeal by the City of Harrisburg (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of benefits to Donald E. Gebhart (Claimant) under The Pennsylvania Workmen's Compensation Act (Act).[1] The issue presented for review is whether the injury sustained by Claimant occurred in the course of his employment with Employer. We reverse the Board's decision.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

Claimant, a police detective for Employer, filed a claim petition[2] on October 3, 1985 alleging a work-related injury to his upper left thigh on August 1, 1985 when he accidentally discharged his service revolver while unholstering it at home after the end of his work shift. Claimant was unable to work from August 1, 1985 to August 28, 1985. Although Claimant received his full salary during this disability period, he was charged sick leave and now seeks reinstatement thereof.

Claimant testified before the referee that the service revolver was registered to him after he purchased it from Employer, but that he was prohibited from selling or relinquishing it while working for Employer. Claimant further testified that Employer has no departmental regulations stipulating where weapons are to be stored or what is to be done with them off-duty; that the accidental discharge of his weapon violated no bureau policies, procedures, or directives; and that it was normal practice among Employer's police officers to carry their weapons to and from work since Employer provided no storage area in which to secure loaded firearms. N.T., pp. 4-5, 7, 10. Further, Claimant left work on August 1, 1985 carrying his service revolver in a holster, owned by Claimant, which he did not normally use and which was not specifically designed for the revolver, and may have stopped at a dry cleaning establishment before proceeding home. N.T., pp. 6, 8-10.[3]

The referee found that Claimant suffered a compensable injury while in the course of his employment and awarded Claimant total disability benefits from August 1, 1985 to August 28, 1985. The Board, by per curiam

---

[2] Employer stipulated to all allegations in the claim petition except Paragraph 13 which forms the basis for the issue presented in this appeal. Referee's Decision, p. 2.

[3] Employer presented no evidence.

order, affirmed the referee, and Employer petitioned this Court for review.

This Court's scope of review in a workers' compensation case is limited to determining whether constitutional rights were violated; an error of law was committed; or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Law, 2 Pa. C. S. §704; *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987); *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986). Moreover, where the Board, as here, takes no additional evidence, the ultimate factfinder is the referee whose findings of fact, if supported by substantial evidence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Employer contends that the referee erred in concluding that Claimant sustained a compensable injury since Claimant was not acting in the furtherance of Employer's business when injured. Whether an employee is acting in the course of his employment at the time of injury is a question of law based upon the facts of each case. *Oakes v. Workmen's Compensation Appeal Board (Pennsylvania Electric Co.)*, 79 Pa. Commonwealth Ct. 454, 469 A.2d 723 (1984); *Crouse v. Workmen's Compensation Appeal Board (Sperry Univac)*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981). Accordingly, we must assess whether the referee's findings in conjunction with appropriate principles of law require a legal conclusion that Claimant met his burden of proof. *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa. Commonwealth Ct. 596, 464 A.2d 675 (1983).

The referee's relevant finding of fact regarding Claimant's use and storage of his revolver provides:

5. As there is no place on employer's premises to secure or clean firearms, a service revolver which is required equipment is worn by an officer to and from work and secured at the officer's home.

The referee then concluded as a matter of law that:

2. As Claimant is required to keep possession of his service revolver at all times and secure same in his home, the accidental discharge of the gun while unholstering it is an activity directly related to his responsibilities thus furthering the interest of his employer.

3. Claimant suffered a compensable injury while in the course of his employment and related thereto.

The applicable statutory provision, Section 301(c) of the Act,[4] provides in pertinent part:

The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean an injury to an employe, . . . arising in the course of his employment and related thereto, . . . The term 'injury arising in the course of his employment,' as used in this article, . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, . . . .

An injury is thus compensable under Section 301(c) if it arises in the course of employment and is related thereto. *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977). An injury arises in

---

[4] 77 P.S. §411(1).

the course of employment if it occurs on or off the employer's premises while the employee is engaged in the furtherance of the employer's business. *Id*. Should there be evidence that an employee virtually abandoned his/her course of employment, or that the employee was, at the time of injury, engaged in an activity wholly foreign thereto, a finding that the injury occurred in the course of employment would lead to an unrealistic and unconscionable result. *See Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Goerlich)*, 56 Pa. Commonwealth Ct. 438, 425 A.2d 473 (1981).

Claimant here did not merely depart from his work routine, but was off-duty and in the process of undressing and removing his service revolver when injured, acts which are clearly not in the furtherance of Employer's business. Moreover, Claimant was neither under his Employer's control at the time of injury nor did Employer order or direct him to carry his service revolver at all times or to store and secure it in his home.[5] Off-premises injuries which do not arise while the employee is actually engaged in the furtherance of the employer's business activities are not compensable. *City of Pittsburgh v. Workmen's Compensation Appeal Board (Schiller)*, 94 Pa. Commonwealth Ct. 156, 502

---

[5] "If the act in which the employee was engaged when injured off the premises was not connected with the employer's business, it must appear that the employer ordered or directed the act; and merely permitting the employee to do the act without directing or ordering its performance will not support an award." *Weaver v. Workmen's Compensation Appeal Board (Ribstone Silos of Pennsylvania)*, 90 Pa. Commonwealth Ct. 262, 267, 494 A.2d 882, 884 (1985). Moreover, Employer's investigation of this incident constituted a routine, administrative practice conducted any time a weapon was discharged and is not evidence of the work-relatedness of Claimant's injury.

A.2d 800 (1986); *Harris v. Workmen's Compensation Appeal Board (Servomation Corp.),* 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980). Although the Act is to be liberally construed to effectuate its humanitarian objectives,[6] it should not be interpreted in a way which will lead to absurd and unreasonable results.[7] Such would be the result here should Employer be required to pay benefits to Claimant.

Moreover, Claimant's reliance upon *Kramer v. City of Philadelphia,* 179 Pa. Superior Ct. 129, 116 A.2d 280 (1955), is misplaced since *Kramer* is inapposite here.[8] First, *Kramer* represents an exception to the general rule that injuries sustained by an employee travelling to and from his place of work are not compensable under the Act, that exception being an agreement between the employer and employee which provided for the employee's transportation to and from work.[9] Secondly, the employer in *Kramer* expressly granted the employee permission to engage in the activity resulting in his fatal injuries. There was no testimony in the instant appeal that Claimant was required or given express permission

---

[6] *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981).

[7] Section 3 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922.

[8] A motorcycle police officer was fatally injured while garaging the motorcycle assigned to him after he requested and was granted permission to use it as a means of transportation to and from work as well as attend court cases. The court affirmed an award of death benefits holding that the deceased was in the course of his employment since the use of the motorcycle was not primarily for decedent's own convenience, but was also for his employer's benefit, and the garaging thereof was incidental to and a duty of his employment, that duty being to preserve and protect his employer's property.

[9] *See, e.g., Peer v. Workmen's Compensation Appeal Board (B&W Construction),* 94 Pa. Commonwealth Ct. 540, 503 A.2d 1096 (1986).

to carry his weapon at all times or to store and secure it in his home. And thirdly, the police officer in *Kramer* sustained his fatal injuries while attempting to preserve and protect his employer's property.

Because the Board's decision that Claimant was injured during the course of his employment is incorrect as a matter of law, we find that the Board erred and therefore reverse its decision.

### ORDER

AND NOW, this 19th day of July, 1988, the order of the Workmen's Compensation Appeal Board dated May 26, 1987 is reversed.

Judge BARRY concurs in the result only.