125 Pa. Commonwealth Ct. 6 (1989)
556 A.2d 962
Montgomery County Sheriff's Department, Petitioner
v.
Workmen's Compensation Appeal Board (Riehl), Respondents.
No. 2190 C.D. 1988.
Commonwealth Court of Pennsylvania.
Submitted on briefs February 1, 1989.
April 6, 1989.
Submitted on briefs February 1, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.
*7 Robert P. DiDomenicis, Ingersoll and Fay, for petitioner.
James R. Lynch, Jr., Gultanoff & Lynch, P.C., for respondents.
OPINION BY SENIOR JUDGE NARICK, April 6, 1989:
Before us for review is an appeal by the Montgomery County Sheriff's Department (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Thomas D. Riehl (Claimant). For the reasons set forth herein, we affirm.
Claimant's testimony before the referee is summarized as follows. On June 11, 1983, Claimant was employed as a deputy sheriff for Employer. His job responsibilities included maintaining courtroom security, transporting prisoners, service of papers and the ability to act and restrain prisoners when necessary. In March 1983, Employer issued to Claimant a .357 Magnum, six bullets and a pancake holster. Claimant was required to carry the weapon with him while on duty and was also required to maintain the weapon which was subject to unannounced inspections. In May 1983, Claimant was injured in an automobile accident unrelated to his employment. This accident required him to take a leave of absence from work. On Friday, June 10, 1983, Claimant telephoned his supervisor and advised him that he would be returning to work on Monday, June 13, 1983 or Wednesday, June 15, 1983.
*8 On Saturday, June 11, 1983, Claimant was cleaning his gun while sitting at the kitchen table in his apartment. Claimant testified that he was cleaning his weapon because he believed it would be subject to an unannounced inspection upon his return to work. Claimant further testified that it was not possible to clean his weapon at work because he never knew if or when he would have the time to clean his gun and Employer did not set aside any specific time or place during which the weapon could be cleaned.
After he had finished cleaning his weapon, Claimant stood up from the table but because the chair in which he was sitting was entangled in a throw rug he fell backwards into the refrigerator.[1] As he was falling backwards, the gun discharged into his left arm. Claimant was admitted to the hospital for this injury and on June 21, 1983, surgery was performed on his injured arm. He continued to receive treatment as a result of this injury until July 14, 1985. However, on March 18, 1985, he was able to return to work.
At the hearing before the referee, Claimant also presented the testimony of George Lepore who qualified as an expert in ballistics and the projectory and handling of weapons. According to Mr. Lepore, his measurements of Claimant's kitchen found it to be 10'5" long by 8'7" wide. However, due to area occupied by the kitchen cabinets, sink, stove and refrigerator, the actual usable or walkable space was a 6'9" wide area. Mr. Lepore corroborated Claimant by testifying that he believed the gun was fired from some place between the entranceway to the kitchen and the refrigerator or cabinet area.[2] Mr. Lepore stated *9 that he based his opinion upon the resting place of the expended slug. Mr. Lepore further testified that the gun could not have been discharged from an area near the telephone.
Employer presented the deposition testimony of Michael Malchette, a police officer who investigated the scene of the accident. Mr. Malchette stated that his "guess" as to the size of Claimant's kitchen was 10' wide by 12' long. It was Mr. Malchette's opinion that Claimant fired the gun from an area near the telephone.
The referee found that Claimant received a compensable injury while in the course of his employment; and therefore, was entitled to benefits. The Board affirmed and this appeal followed.
On appeal, Employer argues that: (1) it was impossible for the injury to have occurred as Claimant alleged; therefore, his testimony should be rendered incompetent; and (2) the Board erred as a matter of law in finding that the injury occurred in the course and scope of Claimant's employment.[3]
Employer's first argument essentially involves a credibility determination. It is long settled that when no additional evidence is received by the Board, the referee is the judge of facts. Miller. The referee may accept or reject the testimony of any witness in whole or in part. See Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District), 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984). It is also within the referee's factfinding powers to draw reasonable inferences from the evidence. Oscar Mayer and Co. v. Workmen's *10 Compensation Appeal Board (Manzi), 65 Pa. Commonwealth Ct. 514, 442 A.2d 1238 (1982). And, if testimony when taken as a whole serves as substantial support for the referee's findings, we must affirm. See Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education), 508 Pa. 360, 498 A.2d 800 (1985).
In the matter herein, Claimant testified that he was cleaning his gun at home because his responsibilities as a deputy sheriff required him to do so. Moreover, Claimant's testimony as to how the accident happened was clearly corroborated by the testimony of Mr. Lepore. Although Employer presented contradictory testimony, it was the referee's prerogative to reject this testimony. Therefore, we see no reason to disturb the referee's findings.[4]
As to the second argument raised by Employer, it is also well settled that an injured employee, in order to be eligible for compensation must establish that the injury occurred in the course of employment and that it was related thereto. Krawchuk v. Philadelphia Electric Co., 497 Pa. 115, 439 A.2d 627 (1981). In order to be considered in the course of employment when an injury occurs off an employer's premises, the employee must show that the injury was sustained while he was actually engaged in the furtherance of employer's business or affairs. See City of Pittsburgh v. Workmen's Compensation Appeal Board (Schiller), 94 Pa. Commonwealth Ct. 156, 502 A.2d 800 (1986).
In support of its position, Employer relies upon a recent decision by this Court in City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart), 118 *11 Pa. Commonwealth Ct. 22, 544 A.2d 1078 (1988). In that case, a police detective for the City of Harrisburg alleged a work-related injury to his upper left thigh when he accidentally discharged his service revolver while unholstering it at home after the end of his work shift. In reversing the Board's award of benefits, Judge SMITH writing for this Court reasoned that: "[c]laimant here did not merely depart from his work routine, but was off-duty and in the process of undressing and removing his service revolver when injured, acts which are clearly not in the furtherance of [e]mployer's business." Id. at 27, 544 A.2d at 1080.
However, we believe the instant matter is more similar to the facts which existed in the case of Borough of Aldan v. Workmen's Compensation Appeal Board (Harold), 54 Pa. Commonwealth Ct. 622, 422 A.2d 733 (1980). In Borough of Aldan, the decedent who was chief of police for the borough was in the process of cleaning his service revolver in the basement of his home when the gun accidentally discharged causing his death. Decedent's death was found to have occurred within the course of his employment because his job responsibilities required him to keep his service revolver in proper operating condition and the borough at least impliedly required borough officers to clean their guns in their homes by not providing other adequate facilities for this task.
Similarly, in the matter herein, Claimant was required by Employer to maintain his gun in proper condition. Furthermore, Claimant's testimony revealed that Employer did not provide any time nor place during the work day whereby he could clean his gun. Clearly, Claimant by cleaning his gun at home was engaged in the furtherance of Employer's business.
We will, therefore, affirm the Board.
*12 

*13 ORDER
AND NOW, this 6th day of April, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.
NOTES
[1] To better understand the facts of this case, attached as Appendix A is a diagram, although not to scale, of the kitchen wherein the accident occurred. This diagram was submitted into evidence by Claimant at the hearing before the referee.
[2] The record reveals that kitchen cabinets are located along the wall where the refrigerator, sink and stove are located.
[3] Section 704 of the Administrative Agency Law limits our scope of review to a determination of whether constitutional rights have been violated, an error of law committed or whether necessary findings of fact are supported by substantial evidence. Miller v. Workmen's Compensation Appeal Board (Pocono Hospital), 114 Pa. Commonwealth Ct. 405, 539 A.2d 18 (1988), petition for allowance of appeal denied, 520 Pa. 580, 549 A.2d 139 (1988).
[4] Based upon our conclusion above, Employer's reliance on the "incontrovertible physical fact rule" (where testimony of a witness contradicted by incontrovertible physical facts cannot be accepted) is misplaced. See Lamp v. Pennsylvania R.R., 305 Pa. 520, 158 A. 269 (1931); Densler v. Metropolitan Edison Co., 235 Pa. Superior Ct. 585, 345 A.2d 758 (1975).