565 A.2d 857

**Elena TORRES, Widow of Candido Torres, Deceased Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MODERN MUSHROOM FARM, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 1, 1989.

Decided Nov. 3, 1989.

Albert Bartolomeo, Bartolomeo & Associates, Philadelphia, for petitioner.

David A. Pennington, Swartz, Campbell & Detweiler, Philadelphia, for respondent, Modern Mushroom Farm, Inc.

Before CRUMLISH, Jr., President Judge, and PALLADINO (P.) and SMITH, JJ.

SMITH, Judge.

Elena Torres (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) denying her appeal and affirming the referee's denial of Claimant's fatal claim petition.

Candido Torres (Decedent) was shot and killed in an apparent robbery attempt on September 20, 1979. Dece-

dent had been employed by Modern Mushroom Farms, Inc. (Employer) at the time of his death as a "crewleader" who supervised the mushroom pickers at the farms.[1] Decedent was shot while returning from an area bank after having cashed paychecks for some of Employer's workers. Claimant filed a fatal claim petition on April 5, 1982 on behalf of herself and Decedent's three children which was denied by the referee who concluded that Decedent was not acting in the course and scope of his employment at the time of his death. Claimant appealed this decision to the Board which affirmed the referee.[2]

The issues presented by Claimant on appeal are whether the Board's conclusion that Decedent was not acting in the course and scope of his employment at the time of his death is supported by substantial evidence; whether the referee improperly reopened the record to permit Employer to submit Decedent's time record; and whether the referee improperly calculated Decedent's hourly wage under The Pennsylvania Workmen's Compensation Act[3] (Act).

Claimant and Decedent supplied meals for some of Employer's workers in the kitchen and dining areas located on Employer's property. No rent was charged to them for use of these facilities. The workers paid Claimant and Decedent directly for their meals and none of the profits from operating the kitchen inured to Employer. Testimony of record indicated that profit from operating the kitchen was approximately $1,000 per week. Claimant prepared the food and there was testimony that any work performed by

1. Employer's president testified that it was Decedent's responsibility to see that all work crews were moved to different areas as needed and that work started on time. December 4, 1984 Hearing, N.T. p.46. Claimant testified that Decedent got the workers up in the morning, took them to work, brought them their breakfast, picked up their mail, and, in effect, took care of all their personal needs. November 4, 1982 Hearing, N.T., pp. 12, 13, 18, 22.

2. This Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Decedent, an hourly employee required to punch a time clock, was performed when he had punched off the clock. Claimant argues, however, that Decedent's operation of the kitchen furthered and benefitted Employer's business interest.

Section 301(c) of the Act, 77 P.S. § 411(1), defines injury and provides that: "The term 'injury arising in the course of his employment,' ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere...." Whether an employee is acting in the course of his employment when injured is a question of law based upon the facts of each case. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart)*, 118 Pa.Commonwealth Ct. 22, 544 A.2d 1078 (1988). Generally, off-premise injuries are only compensable if the employee is actually engaged in the furtherance of employer's business activities. *Harris v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 470, 414 A.2d 765 (1980). Evidence that an employee abandoned his or her course of employment or was engaged in an activity wholly foreign to such employment will lead to the conclusion that a compensable injury has not occurred. *Harrisburg*, 118 Pa.Commonwealth Ct. at 27, 544 A.2d at 1080.

There was substantial evidence in the instant case for the Board to conclude that Decedent was not in the course of his employment at the time of his death. Evidence presented by Claimant indicates that it was Decedent's weekly habit to cash the checks of those workers provided meals so as to insure their payment for this service. Employer had cleared this arrangement with the bank at which Decedent cashed the checks. Decedent had clocked out prior to going to the bank. Moreover, employer exercised no control over the kitchen enterprise and received no profits from this operation. Decedent's habit of clocking out in order to perform kitchen duties lends credence to the premise that Decedent performed this work on

his own time, and supports the conclusion that Decedent was furthering his own business interests in cashing the workers' checks.

As to Claimant's second issue, review of the record as a whole reveals that there was substantial evidence to support the Board's decision even without admission of Decedent's time record into the evidence. Therefore, this Court need not address this issue nor Claimant's argument concerning the calculation of benefits.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 3rd day of November, 1989, the order of the Workmen's Compensation Appeal Board is affirmed.