616 A.2d 1369

**CITY OF HARRISBURG, Appellee,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Donald E. GEBHART), Appellant.**

Supreme Court of Pennsylvania.

Argued May 9, 1991.

Decided Nov. 19, 1992.

Gary M. Lightman, Harrisburg, for appellant.

James F. Carl, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

Donald E. Gebhart ("Claimant") appeals from a decision of the Commonwealth Court which reversed an order of the Workmen's Compensation Appeal Board ("Board") affirming a referee's award of benefits under the Pennsylvania Workmen's Compensation Act ("Act").[1] The issue presented on appeal is whether the Commonwealth Court erred in reversing a determination of the Board that a police detective whose gun accidentally discharged at home suffered an injury that arose in the course of his employment. For the reasons that follow, we reverse the order of the Commonwealth Court.

The factual matrix out of which this matter arose is as follows. On August 1, 1985, Claimant, a police detective employed by the City of Harrisburg ("Employer"), accidentally shot himself in the leg while unholstering his service revolver upon returning home from work after the end of his work shift. Claimant was unable to work from August 1, 1985 to August 28, 1985. Claimant received his full salary during this disability period; however, he was charged sick leave. Claimant sought reinstatement of his sick leave.

Claimant filed a claim petition on October 3, 1985 alleging he had received a work-related injury. The substance of Claimant's testimony before the referee was, in pertinent part, that

the service revolver was registered to him after he purchased it from Employer, but that he was prohibited from selling or relinquishing it while working for Employer. Claimant further testified that Employer has no departmental regulations stipulating where weapons are to be stored or what is to be done with them off duty; that the accidental discharge of his weapon violated no bureau policies, procedures, or directives; and that it was normal practice among Employer's police officers to carry their weapons to and from work since Employer provided no storage area in which to secure loaded firearms. N.T., pp. 4–5, 7, 10.

1. 77 P.S. §§ 1–1031.

Further, Claimant left work on August 1, 1985 carrying his service revolver in a holster, owned by Claimant.... N.T. pp. 6, 8–10.

*City of Harrisburg v. Workmen's Compensation Appeal Bd. (Gebhart),* 118 Pa.Commw. 22, 24, 544 A.2d 1078, 1079 (1988). The referee held that Claimant suffered a compensable injury while in the course of employment and awarded Claimant total disability benefits from August 1, 1985 to August 28, 1985. The Board entered a *per curiam* order affirming the referee. The Commonwealth Court held that the Board's finding that Claimant was injured during the course of his employment was incorrect as a matter of law and reversed the Board's decision. *City of Harrisburg v. Workmen's Compensation Appeal Bd. (Gebhart),* 118 Pa.Commw. 22, 544 A.2d 1078 (1988). Claimant petitioned for review in this Court and we granted allocatur. 524 Pa. 631, 574 A.2d 72 (1990).

Employer argues that the referee erred in concluding that the accidental discharge of Claimant's revolver while unholstering it in Claimant's home constituted a compensable injury in the course of Claimant's employment. Rather, Employer states that the injury occurred following the termination of Claimant's work shift, and thus, was not in furtherance of Employer's business. Additionally, Employer submits that the evidence shows that Claimant carried the service revolver primarily for his own convenience and was not ordered to do so.

Claimant argues, conversely, that an off-duty police officer injured by handling his service revolver should receive compensation because he is acting in the course of his employment or in the line of duty by furthering his Employer's objectives. Claimant alleges that he furthered Employer's objectives by taking his service revolver and securing it in his home since Employer failed to provide a safe place to store the weapon. Moreover, Claimant states that the Commonwealth Court failed to apply the appropriate standard of review and accept the referee's findings of fact.

The Commonwealth Court properly limited its scope of review on appeal from a decision of an administrative agency

to a determination of whether constitutional rights have been violated, an error of law has been committed or any findings of fact are not supported by substantial evidence. 2 Pa.C.S. § 704; [2] *Chester Extended Care Ctr. v. Commonwealth, Dep't of Pub. Welfare,* 526 Pa. 350, 355, 586 A.2d 379, 382 (1991); *Mathies Coal Co. v. Commonwealth, Dep't of Envtl. Resources,* 522 Pa. 7, 13, 559 A.2d 506, 509 (1989); *Estate of McGovern v. Commonwealth, State Employes' Retirement Bd.,* 512 Pa. 377, 382, 517 A.2d 523, 525 (1986). The Commonwealth Court complied with the standard that where the Board, as here, takes no additional evidence, the ultimate factfinder is the referee whose findings of fact, if supported by substantial evidence, must be accepted. *Katz v. Evening Bulletin,* 485 Pa. 536, 539, 403 A.2d 518, 519 (1979). In reviewing this matter, the Commonwealth Court determined that the facts established, as a matter of law, that the injury sustained by Claimant was not in the course of his employment.

■ With the facts established, the question whether an injury to a workman is sustained in the course of his employment, as contemplated by the Act, is one of law. *Hohman v. George H. Soffel Co.,* 354 Pa. 31, 32, 46 A.2d 475, 476 (1946). Section 301(c) of the Act, 77 P.S. § 411, provides the following definitions of "injury," "personal injury," and "injury arising in the course of his employment":

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, ... arising in the course of his employment and related thereto.... The term "injury arising in the course of his employment," as used in this article ... shall include all ... injuries sustained *while the employe is actually engaged in*

**2.** The Administrative Agency Law, 2 Pa.C.S. § 704, states in pertinent part:

[T]he court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, ... or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

*the furtherance of his business or affairs of the employer, whether upon the employer's premises or elsewhere....*

77 P.S. § 411(1) (emphasis added). Further, the referee found in his Findings of Fact:

5. As there is no place on employer's premises to secure or clean firearms, a service revolver which is required equipment is worn by an officer to and from work and secured at the officer's home.

Reproduced Record at p. 8a. Based upon this Finding of Fact, the referee concluded, *inter alia*, as a matter of law:

2. As Claimant is required to keep possession of his service revolver at all times and secure same in his home, the accidental discharge of the gun while unholstering it is an activity directly related to his responsibilities thus furthering the interest of his employer.

3. Claimant suffered a compensable injury while in the course of his employment and related thereto.

*Id.*

It is well settled that an injured employee, in order to be eligible for compensation, must establish that the injury occurred in the course of employment and that it was related thereto. *Pawlosky v. Workmen's Compensation Appeal Bd. (Latrobe Brewing Co.)*, 514 Pa. 450, 458, 525 A.2d 1204, 1209 (1987); *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 120, 439 A.2d 627, 630 (1981). In order to make that determination, we must ascertain whether Claimant was actually engaged in the furtherance of Employer's business when the off-premises injury occurred.

Employer proposes that Claimant was not acting in furtherance of Employer's business since Claimant was off duty and in the process of undressing and removing his service revolver when injured. We specifically reject that argument. Rather, we find that a paramount part of a police officer's duties is to secure and store his service revolver, which is required equipment, after his work shift. In this case, Employer did not provide an area on the premises where its employees could properly secure and store their service revolvers. Thus, when

Claimant was attempting to secure his service revolver at his home after his work shift, he was acting in furtherance of Employer's business.

We do not believe that Employer should benefit from its failure to provide an area on Employer's premises for its employees to secure and store service revolvers. If Employer had provided such an area for its employees and Claimant had similarly injured himself in that area, Claimant would have been injured furthering Employer's business, and thus, clearly sustained a compensable injury within the course of employment. This Court sees no reason to distinguish between the hypothetical situation described above and the situation involved in this matter.

■ Employer did not provide an area on its premises for its employees to store and secure service revolvers. Claimant, by taking his service revolver home and attempting to secure and store it, was fulfilling his duties as a police officer and was acting in furtherance of his Employer's business at the time he was injured. We therefore conclude that Claimant suffered a compensable injury while in the course of employment and it was related thereto; thus, the Board did not commit an error of law.[3]

We find that the Commonwealth Court erred in reversing a determination of the Board that a police detective whose gun accidentally discharged at home suffered an injury that arose in the course of his employment. Accordingly, we reverse the order of the Commonwealth Court and reinstate the order of the Workmen's Compensation Appeal Board.

3. Claimant is not required to prove that he was ordered to secure and store his service revolver at his home. Claimant is required to demonstrate that he was ordered to act in a certain manner if the act in which the employee was engaged when injured off the premises was not connected with employer's business. See, e.g., Weaver v. Workmen's Compensation Appeal Bd. (Ribstone Silos of Pennsylvania), 90 Pa. Commw. 262, 494 A.2d 882 (1985). However, in this case the record demonstrates that Claimant acted in furtherance of Employer's business; therefore, Claimant does not have the burden of proving that he was ordered to secure and store his service revolver off premises.

ZAPPALA, J., concurs in the result.

McDERMOTT, J., did not participate in the decision of this case.