**PENNSYLVANIA STATE POLICE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DICK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1997.

Decided June 12, 1997.

---

Thomas B. Kostolansky, Donora, for petitioner.

William J. Wiker, Greensburg, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Pennsylvania State Police (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision awarding disability and medical benefits to Wayne P. Dick (Claimant) for injuries sustained while he was in the course of his employment. We reverse.

Claimant filed a claim petition alleging that he sustained an injury while in the course of his employment as a state police officer as a result of a traffic accident that occurred while he was riding his own motorcycle on his way to work. Claimant was traveling southbound on a two lane highway when he collided with an automobile that was traveling in the opposite direction and then made an illegal left turn in front of Claimant. Employer denied liability alleging that the injury was not work-related.

In a decision issued March 25, 1994, the WCJ awarded benefits to Claimant, concluding that the injury occurred while Claimant was acting in the scope of his employment. The WCJ based his conclusion in part upon the following findings of fact:

**ELEVENTH:** The claimant testified that, after witnessing the illegal left turn and prior to impact, he had formed the intent to arrest the individual. *The Claimant also testified that the Claimant had taken no action himself due to his injuries.* The Claimant did, however, report the offense to the investigating officer and testified at the magistrate's hearing.

. . . .

**THIRTEENTH:** This Workers' Compensation Judge finds that the Claimant was in the scope of employment when injured on June 5, 1991. The Claimant, as an off duty officer, was required to take appropriate action whenever Claimant witnessed a violation of the law. The Claimant reported the incident and subsequently testified. This Workers' Compensation Judge does not find the Claimant's failure to file the required report regarding activation to establish that Claimant was not within the scope of his employment when injured. The Claimant was unable to file such a report due to his injuries.

(WCJ's decision, p. 4.) (Emphasis added.) Employer appealed to the Board, which affirmed the WCJ's order. Employer now appeals to this Court.[1]

On appeal, Employer argues that the WCJ erred in accepting Claimant's testimony that Claimant had the time to form the intent to arrest the offender during the seconds that Claimant had between the time he saw the offender make the left hand turn and the impact of his motorcycle and the car. Employer also contends that the formulation of this intent cannot be the basis for placing Claimant in the scope of his employment because Claimant did not arrest the offender. Employer further contends that there is no authority that allows the WCJ to conclude that the subsequent reporting of the accident and testifying at the offender's hearing triggers the application of the special circumstances exception to the "going and coming" rule. Employer believes this to be an imper-

---

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

missible retroactive application of this exception.

Whether an injury resulting in a disability occurs during the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact and is subject to our review. *Bradshaw v. Workmen's Compensation Appeal Board (Bell Hearing Aid Center),* 163 Pa.Cmwlth.486, 641 A.2d 664 (1994). Generally, injuries sustained by an employee traveling to or from his or her place of employment are not compensable under the Workers' Compensation Act.[2] *Id.* This rule, referred to as the "going and coming" rule recognizes that under normal circumstances an employee traveling to and from work is not engaged in the furtherance of an employer's affairs. *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries),* 69 Pa.Cmwlth. 241, 451 A.2d 10 (1982). In *Setley,* this Court set forth four exceptions to the "going and coming" rule where:

1. claimant's employment contract includes transportation to and from work;
2. claimant has no fixed place of work;
3. claimant is on a special mission for employer; or
4. special circumstances are such that claimant was furthering the business of the employer.

*Id.* 451 A.2d at 11.

Employer recognizes that the first three exceptions do not apply, but argues that the circumstances here do not fall within the fourth exception either. Employer cites two cases wherein police officers were found to have sustained compensable injuries when not on "active" duty, but were found to have been fulfilling their duties as police officers and were, thus, furthering the business of their employers.

In *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart),* 532 Pa. 592, 616 A.2d 1369 (1992), the supreme court concluded that the officer who accidently shot himself at home while he was unholstering his gun suffered an injury that arose in the course of his employment. The court

opined that because the employer did not provide a place on the employer's premises to remove, secure and store service revolvers, the police officer was fulfilling his duty to his employer when he was attempting to secure his firearm at home.

In *Municipality of Bethel Park v. Workmen's Compensation Appeal Board (Willman),* 161 Pa.Cmwlth.274, 636 A.2d 1254 (1994), *petition for allowance of appeal granted,* 538 Pa. 617, 645 A.2d 1320 (1994), an off-duty police officer, who sustained a fatal heart attack at home immediately after investigating criminal activity in a near-by park, was found to have been in the course of employment. The court based this conclusion on the employer's policy that it customarily encouraged its police officers to involve themselves in criminal investigations during off-duty hours.

The determination whether a claimant is in the course of his employment is a question of law. *Bradshaw.* We conclude that Claimant here was not furthering the business of Employer when he was injured. Although a duty existed to take "action with regard to all serious police matters brought to their attention while off duty" (WCJ's decision, p. 4), more than the formation of the intent to perform the duty is required. In *Gebhart* the officer was not intending to remove his gun, but was performing the act of unholstering his gun; he was fulfilling his duty. In *Willman* the officer suffered a heart attack immediately following a criminal investigation. He had actually performed his duty.

The Claimant here was not the investigating officer; he was the victim of an accident. Therefore, he undertook no action to perform the duties of a police officer. We find no special circumstances removing him from the rule that an employee traveling to and from work is not engaged in the furtherance of his employer's affairs.

Accordingly, we reverse.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

## *ORDER*

NOW, June 12, 1997, the order of the Workers' Compensation Appeal Board, at No. A94–1033, dated September 10, 1996 is reversed.