**Carl STORMS, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (BIG BOULDER/JACK FROST, NORTHEAST LAND COMPANY AND EBI INSURANCE CO.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2001.

Decided Aug. 2, 2001.

Gerald F. Strubinger, Jr., Palmerton, for petitioner.

Susan M. Lea, Allentown, for respondents.

Before COLINS, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

COLINS, Judge.

Carl Storms (Claimant) petitions this Court for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed a decision and order of the Workers' Compensation Judge (WCJ) denying a claim petition and a penalty petition filed by Claimant.

On August 13, 1998, Claimant filed a claim petition alleging that on July 7, 1998, while in the course and scope of his employment with Big Boulder/Jack Frost,

Northeast Land Company (Employer), he was in an automobile accident while traveling to a mandatory company picnic. Claimant alleged that as a result of this accident, he sustained injuries to his neck/cervical spine, lower/lumbar back, right wrist, and left ankle. Employer filed an answer denying the allegations of the claim petition. Additionally on August 13, 1998, Claimant filed a penalty petition alleging that Employer violated the Workers' Compensation Act (Act)[1] by failing to accept or deny his claim within 21 days.

∎ Hearings were held before the WCJ on October 13, 1998, at which Claimant and Employer's witness, Eldon D. Dietterick, director of finance and administration for Employer, testified. The matter was bifurcated by the WCJ in order to make an initial determination as to whether Claimant had sustained his injuries while in the course and scope of his employment. (N.T. 10/13/98, p. 3.) After concluding that Claimant had not met his burden of proving that the automobile accident occurred during the course and scope of his employment, the WCJ denied the claim petition and also the penalty petition since there was no award on which to premise a penalty. This appeal followed.[2]

On appeal, Claimant contends that the Board erred in affirming the WCJ's denial of his claim petition and avers that the foregoing was not based on substantial, competent evidence. Upon review of the record, we disagree.

∎ Whether an injury resulting in a disability occurs during the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact and is subject to our review. *Pennsylvania State Police v. Workers' Compensation Appeal Board (Dick)*, 694 A.2d 1181 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 553 Pa. 709, 719 A.2d 748 (1998). An employee is considered to have sustained an injury in the course and scope of his employment where the employee is actually engaged in the furtherance of employer's business or affairs, whether upon employer's premises or elsewhere. *Brown v. Workmen's Compensation Appeal Board (Liken Employment Nursing Services)*, 138 Pa.Cmwlth. 560, 588 A.2d 1014 (1991), *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 540 (1991).

∎ Customarily, injuries suffered by an employee traveling to or from his or her place of employment are not compensable under the Act, a principle known as the "going and coming" rule, acknowledging that under normal circumstances an employee traveling to and from work is not engaged in the furtherance of an employer's business activities. *Pennsylvania State Police*, 694 A.2d at 1183. Specific exceptions to the "going and coming rule," however, have been recognized in cases of injuries sustained by an employee traveling to and from work where (1) the employment contract includes transportation; (2) the employee had no fixed place of employment; (3) the employee was on a special assignment; or (4) special circumstances indicate that the employee was furthering the business of the employer. *Id.*

Claimant testified that on July 7, 1998, Employer held a picnic referred to as

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. Our scope of review of a Workers' Compensation Appeal Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182 (Pa. Cmwlth.1998).

"Family Day" at Knoebels Grove. (N.T. 1/19/99, pp. 5–6). It was Claimant's understanding that if he did not attend the company picnic, he would not be paid for that day. While en route to the picnic, Claimant sustained injuries as a result of an automobile accident; he was paid for that day and was also given admission tickets to Knoebels Grove to be used at a future time.

Eldon D. Dietterick, Employer's director of finance and administration, testified that the picnic was a social event, a "thank you" for a demanding ski season. He explained that not everyone attended the picnic and that any employee who chose to work instead would be paid and would not incur any penalty. Dietterick also stated that an employee who chose to attend the picnic was required to report to a specific area, obtain tickets, and have his or her name checked off a log. Thereafter, the employee's activities were not restricted and the employee was free to leave the park. Alternatively, those employees who remained at the picnic were not required to stay in a group, attend any mandatory gathering, or socialize with other employees.

■ After reviewing the record, we find that substantial, competent evidence supports the Board's affirmance of the WCJ's decision denying the claim petition on the basis that Claimant was not injured while in the course and scope of his employment. Injuries sustained by an employee while "actually engaged in the furtherance of the business or affairs of the employer" are compensable whether the injuries occurred on or off employer's premises. *Brown.* However, this Court has held that in instances of injuries sustained by an employee who is neither going to or coming from work, but rather traveling for an employer sponsored social event, the "going and coming" rule is inapplicable.

■ Claimant contends that Employer required employee attendance at the picnic, thereby making the "going and coming" rule applicable to his situation, which he avers, falls within two exceptions. However, substantial evidence of record exists to support the Board's conclusions to the contrary. The WCJ made a credibility determination in favor of Dietterick, who testified that the Family Day picnic could not be deemed mandatory considering that employees had several choices of either reporting to work as usual and receiving their customary remuneration, attending the picnic with few restrictions and being permitted to leave, or being absent without pay. Claimant's subjective and erroneous belief that attendance at the picnic was absolutely required does not alter the fact that employees had choices regarding attendance. It is well established that as finder of fact in compensation cases, the WCJ has exclusive province in matters of credibility and evidentiary weight and is free to accept or reject the testimony of any witness in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). Further, this Court has consistently held that a WCJ's findings will not be disturbed when supported by substantial evidence. *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock),* 667 A.2d 262 (Pa. Cmwlth.1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992). In the matter before us, substantial evidence supports the WCJ's credibility determinations and resultant conclusion

that employee attendance at the picnic was not mandatory.

Were we even to assume *arguendo* that the exceptions to the "going and coming" rule could be applied to Claimant's situation, the latter fails to meet the criteria for any exception. Notwithstanding Claimant's averments to the contrary, we concur with the Board's reasonable conclusion that the employee's attendance at Employer's Family Day picnic was not tantamount to being on "special assignment for the employer" or "furthering the business of the employer," in which employee, although in the process of "going and/or coming," continues to act in the course and scope of his or her employment. *SEPTA v. Workmen's Compensation Appeal Board (Scott)*, 136 Pa.Cmwlth. 98, 582 A.2d 421 (1990), *petition for allowance of appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991).

■ Unarguably, the Board, having determined that Claimant was not furthering Employer's interests while en route to the picnic, did not err in concluding that the injuries Claimant sustained in the automobile accident could not be deemed compensable. We further concur with the Board's denial of Claimant's penalty petition since a penalty can be awarded only if compensation is awarded, which is not herein the case.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 2nd day of August 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.